AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

## OFFENSE CHARGED

Count 1: 29 U.S.C. § 186(b)(1)- Illegal Payment to Union
Employee; Counts 2-10: 18 U.S.C. § 1341, 1343 & 1347-
Honest Services Fraud; Counts 11 & 12: 18 U.S.C. § 1341
& 1346 - Honest Services Fraud;  Count 13: 18 U.S.C. §
1951 - Extortion; Count 14: 18 U.S.C. § 1951 - Conspiracy;
Count 15: 18 U.S.C. § 1956 - Money Laundering.

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:

PENALTY SHEET ATTACHMENT

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED

**DEFENDANT - U.S.**

SEP 17 2015

▶ DANIEL RUSH

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DISTRICT COURT NUMBER

CR15-00454 HSG

## PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

Federal Bureau of Investigations, Special Agent Roahn Wynar

☐ person is awaiting trial in another Federal or State
Court, give name of court

☐ this person/proceeding is transferred from another
district per (circle one) FRCrP 20, 21 or 40.  Show
District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on
motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant

☑ prior proceedings or appearance(s)
before U.S. Magistrate regarding
this defendant were recorded under ▶

SHOW
DOCKET NO.

MAGISTRATE
CASE NO.

4:15-MJ-71008

Name and Office of Person
Furnishing Information on
THIS FORM        BRIAN J. STRETCH

☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    JOHN H. HEMANN and ADAM WRIGHT

## DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons
was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

Northern District of Calilfornia

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer
been filed?   ☐ Yes
☐ No   } If "Yes" give date filed ____

Month/Day/Year

DATE OF
ARREST ▶ ____

Or... if Arresting Agency & Warrant were not

Month/Day/Year

DATE TRANSFERRED
TO U.S. CUSTODY ▶ ____

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount:  NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons
or warrant needed, since Magistrate has scheduled arraignment

Date/Time: ____

Before Judge: ____

Comments:

UNITED STATES v. DANIEL RUSH

PENALTY SHEET ATTACHMENT

## COUNT 1: Illegal Payment to Union Employee, 29 U.S.C. § 186(b)(1)

Maximum Term of Imprisonment:       5 years
Maximum Term of Supervised Release:   3 years
Maximum Fine:                 $15,000
Mandatory Special Assessment:       $100

## COUNTS 2 - 12: Honest Services Fraud. 18 U.S.C. §§ 1341, 1343, and 1346

Maximum Term of Imprisonment:       20 years
Maximum Term of Supervised Release:   3 years
Maximum Fine:                 $250,000 or twice the amount of gain or loss
Mandatory Special Assessment:       $100

## COUNT 13: Attempted Extortion Under Color of Law, 18 U.S.C. § 1951

Maximum Term of Imprisonment:       20 years
Maximum Term of Supervised Release    3 years
Maximum Fine:                 $250,000
Mandatory Special Assessment:       $100

## COUNT 14: Conspiracy, 18 U.S.C. § 371

Maximum Term of Imprisonment:       5 years
Maximum Term of Supervised Release:   3 years
Maximum Fine:                 $250,000
Mandatory Special Assessment:       $100

## COUNT 15: Money Laundering by Concealment, 18 U.S.C. § 1956(a)(1)(B)(ii)

Maximum Term of Imprisonment:       20 years
Maximum Term of Supervised Release:   3 years
Maximum Fine:                 $500,000 or twice the value of property involved
Mandatory Special Assessment:       $100

# United States District Court

FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

VENUE: OAKLAND

CR15-00454 HSG

UNITED STATES OF AMERICA,

V.

FILED

SEP 17 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DANIEL RUSH

DEFENDANT(S).

# INDICTMENT

Count 1: 29 U.S.C. § 186(b)(1)- Illegal Payment to Union Employee;
Counts 2-10: 18 U.S.C. § 1341, 1343 & 1347- Honest Services
Fraud; Counts 11 & 12: 18 U.S.C. § 1341 & 1346 - Honest Services
Fraud; Count 13: 18 U.S.C. § 1951 - Extortion; Count 14: 18 U.S.C.
§ 1951 - Conspiracy; Count 15: 18 U.S.C. § 1956 - Money
Laundering.

A true bill.

_____
Foreman

Filed in open court this ___9/17___ day of 2015

_____
Clerk

Bail, $ _no process_  9/17/15

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney

2

3

4

5

6

7

8

9

10

11

12

FILED

SEP 17 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

**HSG**

13  UNITED STATES OF AMERICA,               )  No. CR15-00454
                                            )
14         Plaintiff,                       )
                                            )  VIOLATIONS: 29 U.S.C. § 186(b)(1) – Illegal
15     v.                                   )  Payment to Labor Union Employee; 18 U.S.C.
                                            )  §§ 1341, 1343 and 1346 – Honest Services Fraud; 18
16  DANIEL RUSH,                            )  U.S.C. § 1951 – Attempted Extortion; 18 U.S.C.
                                            )  § 371 – Conspiracy; 18 U.S.C. § 1956(a)(1)(B)(i) –
17         Defendant.                       )  Money Laundering by Concealment; 18 U.S.C. §
                                            )  981(a)(1)(C) – Forfeiture
18                                          )
                                            )  OAKLAND VENUE
19  _____)

20

21                              I N D I C T M E N T

22  The Grand Jury charges:

23         At all times relevant to this Indictment:

24  **A.    Background**

25         1.      The United Food and Commercial Workers (the "UFCW") was a labor organization that

26  represented, sought to represent, and would admit to membership primarily food and retail workers,

27  including employees of medical marijuana dispensaries.  Employees who were employed in an industry

28  affecting commerce, that is, food and retail sales, participated in the UFCW through their local unions

INDICTMENT

1

1  and other subordinate bodies of UFCW. The UFCW existed for the purpose of dealing with employers

2  concerning such employees' hours, wages, and working conditions. As part of the representation of

3  employees, UFCW executed neutrality and collective bargaining agreements with several employers

4  covering the food and retail industries in several states.

5        2.     In 2011, the UFCW established a medical cannabis and hemp division (the "Cannabis

6  Division") in order to organize employees in the emerging medical marijuana industry. As part of its

7  strategy to organize those employees, the Cannabis Division lobbied political entities on behalf of

8  marijuana legalization efforts and assisted union-friendly applicants for dispensary licenses.

9        3.     The UFCW and its Cannabis Division were "labor organizations" within the meaning of

10  the Labor Management Reporting and Disclosure Act ("LMRDA"), Title 29, United States Code,

11  Sections 402(i) and (j), and were "labor organizations" within the meaning of the Labor Management

12  Relations Act ("LMRA"), Title 29, United States Code, Sections 142, 152, and 186. As such, the

13  UFCW and the Cannabis Division were subject to the provisions of the LMRDA and LMRA.

14        4.     Defendant DANIEL RUSH was a representative for Local Union 5 of UFCW in San

15  Jose, California. In 2011, the UFCW appointed RUSH as Organizing Coordinator of the UFCW's

16  Cannabis Division's organizing effort. In these positions, RUSH was an employee of a labor

17  organization.

18        5.     The Instituto Laboral de la Raza (the "Instituto") was a 501(c)(3) non-profit resource

19  center that provided labor rights education and advocacy to serve the needs of low income workers and

20  their families. RUSH was the Instituto's treasurer and served on its board of directors. RUSH obtained

21  his position at the Instituto because he was affiliated with the UFCW.

22        6.     In June 2011, RUSH was appointed by the city councilman representing District 7 of

23  Berkeley, California, as a member of the Berkeley Medical Cannabis Commission ("The Berkeley

24  Commission"). The Berkeley Commission was organized under the municipal code of the City of

25  Berkeley, California. Its mission was: "To ensure that medical cannabis provision in Berkeley is

26  conducted in a safe and orderly manner to protect the welfare of Qualified Patients and the community."

27        7.     MT was an attorney whose clients included prospective medical marijuana dispensary

28  operators in California and elsewhere referred to him by RUSH, and worker's compensation claimants

INDICTMENT

2

1  referred to him by the Instituto as a result of RUSH's affiliation and influence with the Instituto.  MT

2  was the general counsel of the Instituto and a secret business associate of RUSH.

3          8.      Company A was a prospective medical marijuana dispensary operator in Berkeley,

4  California.  RUSH referred Company A to MT for legal representation and MT was thereafter an

5  attorney for Company A.

6          9.      MK had an ownership interest and a management role in a medical marijuana dispensary

7  in Oakland, California ("Company B"), which employed retail workers.  In addition, MK was an agent

8  and consultant of a company holding a production license for marijuana products in Clark County,

9  Nevada, and actively pursuing dispensary licenses in several other jurisdictions ("Company C").

10  Company B and Company C employed employees whom the UFCW sought to represent and would

11  admit to its membership.

12  **B.      Duties of Defendant RUSH**

13          10.     Section 501(a) of the LMRDA provided:

14  The officers, agents, shop stewards, and other representatives of a labor organization
    occupy positions of trust in relation to such organization and its members as a group.  It
15  is, therefore, the duty of each such person, taking into account the special problems and
    functions of a labor organization, to hold its money and property solely for the benefit of
16  the organization and its members and to manage, invest, and expend the same in
    accordance with its constitution and bylaws and any resolutions of the governing bodies
17  adopted thereunder, to refrain from dealing with such organization as an adverse party or
    on behalf of an adverse party in any matter connected with his duties and from holding or
18  acquiring any pecuniary or personal interest which conflicts with the interests of such
    organization, and to account to the organization for any profit received by him in
19  whatever capacity in connection with transactions conducted by him or under his
    direction on behalf of the organization.
20

21          11. Article 25, subsection (B) of the UFCW Constitution placed duties of fidelity upon the

22  "representatives" of the UFCW International Union and any local union of the UFCW:

23  No member may be disciplined, except for violating his or her duties and obligations
    by committing any one or more of the following offenses:
24

25  . . . .

26  In the case of any officer or representative of the International Union or of any Local
    Union, failing to faithfully perform the duties of his or her office or position, accepting
    dual compensation or expenses for the performance of duties related to his or her
27  office or position, or embezzling, misappropriating, fraudulently receiving, wrongfully
    handling, or failing to account for the funds of the International Union, a Local Union,
28  or any employee benefit fund.

INDICTMENT

3

Subsection (D) of the Article 25 of the UFCW Constitution provides:

Elected and appointed representatives of the International Union and its Local Unions serve in a position of trust and responsibility and obtain information and confidences and develop abilities which should not be employed in a manner injurious to the best interests of the International Union or its Local Unions.

12.     California Corporations Code § 5231(a) applied to nonprofit public benefit corporations such as the Instituto and provided:

A director shall perform the duties of a director, including duties as a member of any committee of the board upon which the director may serve, in good faith, in a manner that director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances.

13.     The Articles of Incorporation of the Instituto provided:

2. This corporation is a nonprofit public benefit corporation and is not organized for the private gain of any person. It is organized under the Nonprofit Public Benefit Corporation Law for charitable purposes.

. . .

5. The property of this corporation is irrevocably dedicated to the charitable purposes, and no part of the net income or assets of this corporation shall ever inure to the benefit of any director, officer or member thereof or to the benefit of any private person.

COUNT ONE: (29 U.S.C. § 186(b)(1) – Illegal Payment to Union Employee)

14.     The factual allegations in Paragraphs 1 through 11 are re-alleged and incorporated as if fully set forth here.

15.     On or about November 26, 2014, in the Northern District of California, the defendant,

DANIEL RUSH,

an employee of the UFCW and its Cannabis Division, did unlawfully and willfully request, demand, receive, and accept, and agree to receive and accept the payment, loan, and delivery of a thing of value and money exceeding $1,000 in value from an employer and person acting the interest of an employer whose employees were employed in an industry affecting commerce and whose employees the UFCW and its Cannabis Division sought to represent and would have admitted to membership.

16.     Specifically, on or about November 26, 2014, RUSH, while a UFCW official, requested, demanded, received, and accepted, and agreed to receive and accept the forgiveness of a preexisting debt

INDICTMENT

4

1  of $550,000 RUSH owed to MK.

2       All in violation of Title 29, United States Code, Section 186(b)(1) and (d)(2).

3

4  COUNTS TWO THROUGH TEN: (18 U.S.C. §§ 1341, 1343, and 1346 – Honest Services Fraud)

5       17.    The factual allegations in Paragraphs 1 through 4 and 6 through 11 are re-alleged and

6  incorporated as if fully set forth here.

7       18.    From in or about January 2010 through in or about August 2015, in the Northern District

8  of California and elsewhere, the defendant,

9                   DANIEL RUSH,

10  and others, devised and intended to devise a scheme and artifice to defraud and deprive the UFCW and

11  the members of the UFCW of the defendant's honest and faithful services owed by RUSH under section

12  501(a) of the Labor Management Reporting and Disclosure Act (29 U.S.C. § 501(a)) and subsections

13  (B) and (D) of Article 25 of the UFCW Constitution, through bribery and kickbacks.

14       19.    As part of the manner and means of carrying out the scheme and artifice, RUSH, while an

15  officer and employee of the UFCW, secretly demanded, received, and accepted money and things of

16  value from MK and MT in exchange for RUSH's failing to faithfully perform the duties related to his

17  position with the UFCW's Cannabis Division, contrary to the interests of the UFCW and its members,

18  including by offering advice to an employer as to how to defeat a union organizing campaign.

19       20.    As further part of the manner and means of carrying out the scheme and artifice, RUSH,

20  while an officer and employee of the UFCW, referred companies seeking entry into the emerging

21  medical marijuana industry to MT to act as their attorney to assist them in applying for medical

22  marijuana dispensary licenses, negotiating neutrality and collective bargaining agreements with the

23  UFCW and its local unions, and other tasks, while RUSH secretly demanded, received, and accepted

24  money and things of value from MT, contrary to the interests of the UFCW and its members.

25       21.    On or about the dates listed below, in the Northern District of California, the defendant

26  and others involved in the scheme and artifice, for the purpose of executing the scheme and artifice to

27  defraud, as defined by 18 U.S.C. § 1346, transmitted and caused to be transmitted by means of U.S. mail

28  and wire communications in interstate commerce, the following mailings, writings, signals, and sounds:

INDICTMENT

| Count | Violation | Date | Mail or Wire Transmission |
|-------|-----------|------|---------------------------|
| TWO | 18 U.S.C. § 1341 | 12/17/2010 | $3,000 check mailed by RUSH to MK |
| THREE | 18 U.S.C. § 1341 | 3/25/2011 | Mailing of Form 1099 |
| FOUR | 18 U.S.C. § 1341 | 10/24/2011 | Mailed $2,000 payment on credit card |
| FIVE | 18 U.S.C. § 1341 | 1/23/2013 | $3,000 check mailed by RUSH to MK |
| SIX | 18 U.S.C. § 1341 | 12/5/2013 | Mailed $3,632 payment on credit card |
| SEVEN | 18 U.S.C. § 1341 | 4/20/2015 | $2,500 check mailed by MT to RUSH |
| EIGHT | 18 U.C.S. § 1341 | 5/19/2015 | $2,500 check mailed by MT to RUSH |
| NINE | 18 U.S.C. § 1343 | 4/3/2014 | Text message from RUSH to MT |
| TEN | 18 U.S.C. § 1343 | 8/6/2014 | Email from RUSH to MT, MK, and others |

COUNTS ELEVEN AND TWELVE:  (18 U.S.C. §§ 1341 and 1346 – Honest Services Fraud)

22.     The factual allegations in Paragraphs 5, 7, 12, and 13 are re-alleged and incorporated as if fully set forth here.

23.     From in or about January 2010 through in or about April 2015, in the Northern District of California, the defendant,

DANIEL RUSH,

and others, devised and intended to devise a scheme and artifice to defraud and deprive the Instituto and its clients of the defendant's honest and faithful services owed by RUSH under California Corporations Code § 5231(a) and the Instituto Articles of Incorporation, through bribery and kickbacks.

24. As part of the manner and means of carrying out the scheme and artifice, RUSH, while an officer and director of the Instituto, secretly demanded, received, and accepted money and things of value from MT in exchange for RUSH's failing to faithfully perform the duties related to his position as an officer and director of the Instituto, contrary to the interests of the Instituto and its clients.

25.     On or about the dates listed below, in the Northern District of California, the defendant and others involved in the scheme and artifice, for the purpose of executing the scheme and artifice to defraud, as defined by 18 U.S.C. § 1346, transmitted and caused to be transmitted by means of U.S. mail:

INDICTMENT

6

| Count | Date | Mailing |
|-------|------|---------|
| ELEVEN | December 5, 2013 | $3,632 payment on credit card |
| TWELVE | October 24, 2011 | $2,000 payment on credit card |

All in violation of Title 18, United States Code, Sections 1341 and 1346.

COUNT THIRTEEN: (18 U.S.C. § 1951 – Attempted Extortion)

26.     The factual allegations in Paragraphs 4, 6, and 8 are re-alleged and incorporated as if fully set forth here.

27.     On or about and between March 7, 2015, and June 4, 2015, in the Northern District of California, the defendant,

DANIEL RUSH,

did knowingly attempt to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion.  Specifically, RUSH attempted to obtain property not due to him from Company A, *to wit* employment and attendant remuneration and employment benefits, with Company A's consent, under color of official right as a member of the Berkeley Commission.

All in violation of Title 18, United States Code, Section 1951.

COUNT FOURTEEN: (18 U.S.C. § 371 – Conspiracy)

28.     The factual allegations in Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated as if fully set forth here.

29.     On or about and between January 2010, and August 2015, in the Northern District of California, the defendant,

DANIEL RUSH,

knowingly conspired with others known and unknown to the Grand Jury:

a.     to knowingly, for the purpose of evading reporting and recordkeeping requirements, structure and assist in structuring, and attempt to structure or assist in structuring,

INDICTMENT

7

1 transactions with domestic financial institutions, in violation of Title 31, United States Code,

2 Section 5324(a)(3);

3         b.     to knowingly engage and attempt to engage in monetary transactions by, through

4 or to a financial institution, affecting interstate commerce, in criminally derived property of a value

5 greater than $10,000, such property having been derived from a specified unlawful activity, in violation

6 of Title 18, United States Code, Section 1957;

7         c.     to knowingly conduct and attempt to conduct financial transactions affecting

8 interstate commerce, which involved the proceeds of specified unlawful activities, knowing that the

9 transactions were designed in whole and in part to conceal and disguise, the nature, source, ownership,

10 and control of the proceeds of said specified unlawful activities and knowing that the property involved

11 in the financial transaction represented the proceeds of some form of unlawful activity, in violation of

12 Title 18, United States Code, Section 1956(a)(1)(B)(i).

13 <center>MANNER AND MEANS</center>

14     30.    MK loaned RUSH money, in the form of cash proceeds paid to MK by marijuana

15 cultivators. MT, acting as RUSH's agent, structured a majority of the cash into MT's bank account in

16 the form of deposits in amounts less than $10,000. MT then used proceeds deposited into MT's bank

17 account to repay a debt owed by RUSH.

18     31.    Interest-only payments on the loan were funded by MT, who provided monthly sums to

19 RUSH's family trust. The RUSH family trust then paid MK the monthly interest payments by check,

20 under the deceptive guise that the payments were for consulting services rather than as debt repayment.

21     32.    When RUSH could not repay the loan principal to MK, RUSH offered instead to provide

22 favorable treatment to MK, Company B, and Company C in labor union matters in exchange for

23 forgiveness of the debt. RUSH accepted the debt forgiveness in or about November 2014.

24 <center>OVERT ACTS</center>

25     33.    In furtherance of the conspiracy and to effect the objects of that conspiracy, the following

26 overt acts were committed in the Northern District of California and elsewhere:

27         a.     On or about December 17, 2010, RUSH caused a $3,000 check to be mailed to

28 MK for "services."

INDICTMENT

<center>8</center>

b.      On or about November 16, 2012, RUSH caused an IRS Form 1099 for $36,000 in miscellaneous income to be issued to MK.

c.      On or about December 15, 2011, RUSH caused a $3,000 check to be mailed to MK for "Dec services."

All in violation of Title 18, United States Code, Section 371.

COUNT FIFTEEN:  (18 U.S.C. § 1956 – Money Laundering by Concealment)

34.     The factual allegations in Paragraphs 1 through 4 and 7 through 9 are re-alleged and incorporated as if fully set forth here.

35.     On or about and between February 15, 2010, and January 23, 2013, in the Northern District of California, the defendant,

DANIEL RUSH,

did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, *to wit*, the payment of funds in excess of $100,000 from MT to RUSH to MK, in $3,000 increments, which involved the proceeds of specified unlawful activities, that is honest services fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1346, and cultivation of marijuana in violation of 21 U.S.C. § 841, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activities and, while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

FORFEITURE ALLEGATION:  (18 U.S.C. § 981(a)(1)(C))

36.     The allegations contained in Counts One through Twelve of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

///

///

INDICTMENT

37.     Upon conviction of the offenses set forth in Counts One through Twelve of this Indictment, the defendant,

DANIEL RUSH,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to money and property taken by RUSH.

38.     If any of the property described above, as a result of any act or omission of RUSH:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Dated: _____9|17|15_____

A TRUE BILL.

_____
Foreperson

BRIAN J. STRETCH
Acting United States Attorney

_____
PHILIP A. GUENTERT
Deputy Chief, Criminal Division

(Approved as to form: _____ )
AUSAs Hemann and Wright

INDICTMENT

10